Adam VAN SUSTEREN,
Plaintiff–Appellant,

v.

Bill JONES, in his official capacity as
California Secretary of State; Mikel
Haas, in his official capacity as Regis-
trar of Voters; Sally McPherson, in
her official capacity as Registrar of
Voters for the County of San Diego,
Defendants–Appellees.

No. 01–57210.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Filed June 6, 2003.

Adam Van Susteren, Pro Se, San Diego, California, for the plaintiff-appellant.

Susan R. Oie, Deputy Attorney General of the State of California, Sacramento, California, for the defendants-appellees.

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON, District Judge.*

## OPINION

SCHROEDER, Chief Judge:

Adam Van Susteren filed this action in federal district court seeking to be listed on the ballot as a Libertarian Party candidate in the March 2002 primary election for California's 53rd District seat in the United States House of Representatives. The defendants, the California Secretary of State and the San Diego Registrar of Voters, denied Van Susteren a place on the ballot because he did not meet the disaffiliation requirement in California Elections Code § 8001. The disaffiliation provision requires partisan candidates to have been disaffiliated from membership in other political parties for one year prior to filing for primary ballot access.[1] *See* Cal. Elec. Code § 8001(a)(2).

Van Susteren did not meet the disaffiliation requirement because he had been registered as a Republican within the preceding twelve months. The district court rejected Van Susteren's constitutional challenges to section 8001 and granted summary judgment in favor of the defen-

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

1. The disaffiliation provision states:

   No declaration of candidacy for a partisan office ... shall be filed, by a candidate unless ... the candidate has not been registered as affiliated with a qualified political party other than that political party the nomination of which he seeks within 12 months ... immediately prior to the filing of the declaration.

   Cal. Elec.Code § 8001(a)(2).

dants. We affirm because the district court correctly held that this case is not materially distinguishable from the Supreme Court's opinion in *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

## A. Associational Rights Challenge

■ Van Susteren first contends that the disaffiliation requirement is invalid under the First Amendment on the theory that it impermissibly burdens the rights to vote and to associate politically. In *Storer*, the Supreme Court upheld a similar disaffiliation requirement that applied to independent candidates. 415 U.S. at 726, 736, 94 S.Ct. 1274. It required them to be disaffiliated from any party for one year prior to the preceding primary election. *See id.* The Court concluded that the disaffiliation requirement was aimed at preserving the integrity of the various means of getting on the ballot, and that it thus furthered the state's interest in maintaining a stable political system. *See id.* at 733, 736, 94 S.Ct. 1274. The Court said this interest was "not only permissible, but compelling." *Id.* at 736, 94 S.Ct. 1274.

The disaffiliation requirement imposed on partisan candidates similarly serves California's interest in maintaining the stability of the state's political system. Requiring candidates' disaffiliation from other parties during the preceding twelve months encourages stability by discouraging candidates from making a partisan affiliation on the spur of the moment. Such candidates, in the Supreme Court's words, may be "prompted by short-range political goals, pique, or personal quarrel." *Id.* at 735, 94 S.Ct. 1274. The interest in a stable electoral process outweighs any interest the candidate or his supporters may have in making last-minute affiliation decisions. *See id.* at 736, 94 S.Ct. 1274; *see also Rosario v. Rockefeller*, 410 U.S. 752, 761–62, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973) (upholding voter disaffiliation require-

ments because they preserve the "integrity of the electoral process").

Van Susteren contends that *Storer* is not controlling because a disaffiliation requirement imposes a greater burden on associational rights when applied to candidates affiliated with a political party than it does when applied to independent candidates. In upholding the disaffiliation provision in *Storer*, however, the Supreme Court observed with approval that the California Elections Code imposed almost identical disaffiliation requirements on partisan and independent candidates. *See Storer*, 415 U.S. at 733, 94 S.Ct. 1274. This passage suggests that disaffiliation is a neutral requirement that imposes a similar burden on both types of candidates.

■ Van Susteren also contends that § 8001 is an impermissible attempt to regulate the Libertarian Party's internal affairs. The Supreme Court has recognized that states' authority to regulate parties' internal selection of candidates is limited. *See Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 224, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986). The disaffiliation requirement does not regulate political parties' internal affairs, however, but is aimed at protecting parties from disruption by outsiders. *See id.* The district court therefore correctly held that § 8001 does not impermissibly burden rights protected by the First Amendment.

## B. Equal Protection Challenge

Van Susteren also argues that the disaffiliation provision violates the Equal Protection Clause. He contends that partisan candidates and independent candidates are treated differently because the effect of the requirement, when imposed on candidates in a party primary election, is to require partisan candidates to be disaffiliated for twenty-three months prior to the general election, while independent candi-

dates need only be disaffiliated for thirteen months prior to the general election.

■ To sustain his challenge on equal protection grounds, Van Susteren must establish that the two groups, partisan and independent candidates, are similarly situated with respect to the routes they must take to get on the general election ballot. *See Colo. Libertarian Party v. Sec'y of State of Colo.*, 817 P.2d 998, 1006 (Colo. 1991) (rejecting equal protection challenge to a disaffiliation requirement where groups were not similarly situated under the state election code). These two groups are not similarly situated. Party candidates must run in a primary election, which is integral to the election process because it serves the important function of winnowing out competing partisan candidates. *See Storer*, 415 U.S. at 735, 94 S.Ct. 1274. By contrast, an independent candidate need not, and indeed may not, participate in a party primary in order to be on the general election ballot. *See* Cal. Elec.Code § 8003(a).

The more appropriate comparison is therefore between the disaffiliation period before the primary election for partisan candidates and the disaffiliation period before the general election for independent candidates. These periods are essentially similar. Partisan candidates must disaffiliate one year before they file for the primary election. *See* Cal. Elec.Code § 8001(a)(2). One year is not significantly different than the thirteen-month period in which independents must be disaffiliated before the general election. *See* Cal. Elec. Code § 8550(f). There is no equal protection violation.

### C. Qualifications Clause

■ Van Susteren's final argument is that California has violated the Qualifications Clause by adding disaffiliation from a political party as a qualification for a position in the House of Representatives.[2] States lack the power to add qualifications for members of the House of Representatives beyond those found in Article I, Section 2, Clause 2. *See U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 783, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995). The Supreme Court has explicitly stated, however, that the disaffiliation provision at issue in *Storer* was constitutional because it "regulated election *procedures* and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position." *Id.* at 835, 115 S.Ct. 1842. In this regard *Storer* is indistinguishable from this case. Thus, § 8001(a)(2) does not violate the Qualifications Clause.

### Conclusion

The district court correctly held that the disaffiliation requirement in § 8001(a)(2) does not violate the Constitution of the United States. The district court's grant of summary judgment in favor of the defendants is AFFIRMED.

---

**2.** The Qualifications Clause states, "No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2, cl. 2.